[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-10630
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 6, 2010
JOHN LEY
CLERK

D.C. Docket No. 0:99-cr-06064-WPD-1

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

                      versus

ROBERT MARVIN HARRIS,

                                        Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(August 6, 2010)

Before CARNES, MARCUS and PRYOR, Circuit Judges.

PER CURIAM:

Robert Marvin Harris, a federal prisoner, appeals pro se the dismissal of his

motion for resentencing. 18 U.S.C. § 3559(c)(7). Harris argues that his sentence

was erroneously enhanced based on a prior conviction for a drug offense, his right to due process was violated because his indictment was defective and the evidence against him was insufficient, and his order of forfeiture should be vacated. We affirm.

The district court did not err by dismissing Harris's motion. A convict may be resentenced when a conviction for a "serious drug offense that was a basis for sentencing" is declared "unconstitutional or is vitiated on the explicit basis of innocence," 18 U.S.C. § 3559(c)(7), but Harris presented no evidence to the district court, nor does he even argue to this Court, that a prior conviction has been overturned. Even if we construe Harris's motion liberally, we find no basis for relief. The district court considered Harris's arguments and found that none of his issues were "cognizable under a different remedial statutory framework." United States v. Jordan, 915 F.2d 622, 624–25 (11th Cir. 1990). Harris's arguments are successive to those raised in previous collateral proceedings.

We **AFFIRM** the dismissal of Harris's motion.